

**ZACHARY W. CARTER**
*Corporation Counsel*

**T**he **C**ity of **N**ew **Y**ork
**Law Department**
100 CHURCH STREET
NEW YORK, NY 10007

**LILIYA PERELMAN**
Assistant Corporation Counsel
Labor & Employment Law Division
Phone: (212) 356-2387
Fax: (212) 356-2439
Email: lperelma@law.nyc.gov

October 12, 2017

**BY ECF**

Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 518
New York, New York 10007

        Re: Crear v. NYU Langone Medical Center, 1199 Service
           Employees, 17 Civ. 4170 (VSB) (KNF)

Dear Judge Broderick:

    I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for defendant NYU Langone Medical Center ("NYU Langone") in the above-referenced action. Pursuant to the Court's Individual Rules, I write to respectfully request a pre-motion conference regarding defendant NYU Langone's anticipated motion to dismiss on the grounds that the complaint is time-barred, and fails to state a cause of action.

    Plaintiff is a Radiologic Technologist employed by NYU Langone and self-identifies as "Afro-American/American-Cherokee." Plaintiff brought this action under Title VII, alleging race discrimination and retaliation. According to his EEOC Intake Form,[1] plaintiff claims that he was "ignored" for a promotion in 2010 and denied advancement and/or equal pay in 2006. In explaining why he believed that these actions were wrongful, plaintiff cited "[r]efusal to sign back-dated documents, [f]ear of job competition, [f]riendship between co-worker and Director of Operations." Attached to plaintiff's complaint in this action, are copies of numerous complaints plaintiff made to employees of NYU Langone, employees of New York City Health and Hospital Corporation, his union, and city council members regarding alleged unfair treatment.

    Defendant NYU Langone intends to move to dismiss the Complaint on the following grounds.

---

[1] Plaintiff did not attach an EEOC charge to the Complaint, but rather only the intake form.

**HONORABLE VERNON S. BRODERICK**
United States District Judge
Crear v. NYU Langone, 1199 SEIU
17 Civ. 4170 (VSB)
October 11, 2017
Page 2

First, plaintiff fails to allege any discriminatory acts within the statute of limitations. Title VII requires that plaintiff file a charge of discrimination with 300 days of the unlawful employment action. See 42 U.S.C. § 2000e-5.  The alleged discriminatory acts listed on plaintiff's EEOC Intake Form occurred in 2006 and 2010 and are clearly time-barred.  To the extent the complaint provides any additional information, it only further makes clear that all of plaintiff's allegations are time-barred.  For example, the complaint cites one alleged comparator as Giovanni Discipio, and asserts that Mr. Discipio was paid more than plaintiff during the period of 1999 to 2004. Further, Plaintiff's retaliation claim appears to be based on his belief that staff at NYU Langone reviewed his personal medical records in 2003.

Second, plaintiff has failed to state a cause of action under Title VII. To establish a prima facie case of discrimination under Title VII, "a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." Ruiz v. County of Rockland, 609 F.3d 486, 491-92 (2d Cir. 2010) (brackets and bracketed language eliminated). There are no allegations to support plaintiff's claims of race discrimination and retaliation. Plaintiff's claims that he was "ignored" for promotions are time-barred and raise no inference of discrimination. Plaintiff's only other allegations, involving the two comparators he cites in his EEOC intake form, are insufficient because both alleged comparators had different job titles than Plaintiff. To the extent that plaintiff complains that he was performing out-of-title work or the same work as the comparators who were in a higher job title, this would be an issue for him to resolve through a grievance to his union.

Third, the Complaint fails to state a claim for retaliation. A prima facie case of retaliation requires a plaintiff to "demonstrate that '(1) she engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action.'" Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C., 716 F.3d 10, 14 (2d Cir. 2013) (citation omitted); Kessler v. Westchester County Dep't of Soc. Servs., 461 F.3d 199, 205 (2d Cir. 2006).  Plaintiff has failed to establish a prima facie case of retaliation because the complaint does not identify any protected activity and there is no indication that plaintiff suffered any "retaliation."

Accordingly, defendant NYU Langone respectfully requests a pre-motion conference.

**HONORABLE VERNON S. BRODERICK**
United States District Judge
<u>Crear v. NYU Langone, 1199 SEIU</u>
17 Civ. 4170 (VSB)
October 11, 2017
Page 3

                                                        Respectfully submitted,

                                                          /s/
                                                  Liliya Perelman
                                                  Assistant Corporation Counsel

**By ECF and First Class Mail**
cc:     **Vincent Maurice Crear**
         Plaintiff Pro Se
         300 East 88th Street, Suite 4 West
         New York, NY 10128

**By ECF**
cc:     **Robert Stroup**
         Levy Ratner, P.C.
         Attorneys for Defendant 1199 SEIU