Richard A. Levy
Daniel J. Ratner
Daniel Engelstein°
Gwynne A. Wilcox△
Pamela Jeffrey
Carl J. Levine△
David Slutsky△
Allyson L. Belovin
Suzanne Hepner✦
Richard Dorn
Robert H. Stroup
Dana E. Lossia△
Micah Wissinger●
Ryan J. Barbur
Alexander Rabb

## LEVY RATNER, P.C.

Attorneys at Law
80 Eighth Avenue, 8th Floor
New York, New York  10011-7175

Telephone (212) 627-8100
Telecopier (212) 627-8182

www.levyratner.com

Laureve D. Blackstone△
Kimberly A. Lehmann△
Aleksandr L. Felstiner
Jessica I. Apter△
Rebekah Cook-Mack



October 13, 2017

**BY ECF**

Honorable Vernon S. Broderick,
United States District Judge
Southern District of New York
40 Foley Square, Room 415
New York, N.Y. 10007

   Re:  **Vincent Maurice Crear vs. NY University Langone Med Cntr, et al.**
       **Civil Action No. 17 Civ. 4170**

Dear Judge Broderick:

   This firm represents 1199SEIU United Healthcare Workers East ("1199") which has been named as a defendant in this civil action. I write pursuant to this Court's Individual Civil Rules and Practices to request a pre-motion conference and to set forth the basis for 1199's anticipated motion to dismiss.

   In this pro-se action, Plaintiff has filed a document titled "Employment Discrimination Complaint," (ECF # 2) (hereinafter, "Complaint"), that consists of 56 pages containing multiple separate documents, including, inter alia, (1) a letter dated May 9, 2016 addressed to Attorney Robert Rose at the District Office of the Equal Employment Opportunity Commission ("EEOC") (pp. 2-5); (2) a completed EEOC intake questionnaire form (pp. 6-9) ("Intake Questionnaire") a statement titled "Incidents of Concern," (pp. 10-14) and various other documents and emails (pp. 15-56).  He has also filed separately, a copy of his EEOC Dismissal Notice and Right to Sue Letter (ECF #5).

   On a number of grounds, this civil action against 1199 should be dismissed pursuant to Fed.R.Civ.P., Rule 12(b)(6).  First, Plaintiff's Court submissions fail to demonstrate that Plaintiff filed an EEOC charge against 1199. The right-to-sue letter issued by the EEOC only names NYU Langone Medical Center ("NYU") as the Respondent (ECF #5, at 2), and the same document shows service of the right-to-sue letter only upon NYU, not 1199. (ECF #5, at 3).

°Admitted in NY, MA and DC   △Admitted in NY and NJ   ✦Admitted in NY and CT   ●Admitted in NY and DC

Honorable Vernon S. Broderick
October 13, 2017
Page 2

Failure to file a charge of discrimination with the EEOC is a precondition to filing claims in federal court and failure to do so can be grounds for dismissal. *Ayala v. United States Postal Serv.*, 2017 WL 1234028, at \*4 (S.D.N.Y. March 31, 2017) (collecting cases). The Complaint and attached documents contain no allegation that Plaintiff filed a charge against 1199; nor is there any allegation that 1199 was given notice of the filing of an EEOC charge. The absence of such allegations suggests that Plaintiff failed to exhaust his administrative remedy under Title VII of the Civil Rights Act of 1964 and therefore, any claim raised pursuant to Title VII should be dismissed. *Pajooh v. Dep't of Sanitation*, 547 Fed. Appx. 73, 74-75 (2d Cir. 2013) ("Although Pajooh included the Union's name and address in his intake questionnaire submitted to the EEOC, his descriptions of his claims fail to mention the Union; Pajooh's underlying Verified Complaint submitted to the New York State Division of Human Rights named only the DOS; and the EEOC's "Right To Sue" letter included only the DOS as a respondent…. Under these circumstances, Pajooh failed to provide sufficient notice to the Union that he intended to assert a discrimination claim against it, and therefore the district court properly found that Pajooh failed to name the Union as a respondent in his EEOC charge.").

Nor does exhaustion of his administrative remedies with respect to Defendant NYU permit Plaintiff to bring a claim against 1199. Numerous cases within the Second Circuit have concluded that there is no identity of interest between an employer and union sufficient to provide an exception to the charge-filing requirement. *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999) (upholding dismissal of pro se plaintiff's Title VII claims against union because only employer was named in EEOC charge); *Pajooh*, 547 Fed. Appx. at 75 ("…[B]ecause there is no identity of interest between the DOS and the Union, as is required to allow Pajooh to assert his claim against the Union as an unnamed party, Pajooh's Title VII claim against the Union was properly dismissed."); *Ayala*, 2017 WL 1234028, at \*5 (dismissing Title VII and ADEA claims for failure to exhaust administrative remedies with respect to union defendant).

Moreover, Mr. Crear's "Employment Discrimination Complaint" fails to state a plausible claim of employment discrimination of any kind against 1199, even construing its allegations favorably in light of the Plaintiff's pro-se status. *Pajooh v. Dep't of Sanitation*, 2012 WL 4465370, at \*6 (S.D.N.Y. 2012) ("Even if the Court found that Plaintiff had properly exhausted his administrative remedies prior to suing the union, dismissal of the complaint would still be appropriate because Plaintiff has not alleged sufficient facts as to Local 831 to frame a plausible Title VII claim.")

Here, Plaintiff only names Hospital practices and Hospital personnel in his responses to three central Intake Questionnaire queries: "What happened to you that you believe was discriminatory?" "Why do you believe the actions were discriminatory?" and "What reason(s) were given to you for the acts you consider discriminatory? By whom? His or Her Job Title?" (ECF #2, at 7). Plaintiff's written statement to EEOC Attorney Robert Rose (ECF #2, at 2) similarly mentions only Hospital practices, and the separate "Incidents of Concern" statement

1-587-00093: 10853479_2.doc

Honorable Vernon S. Broderick
October 13, 2017
Page 3

(ECF # 2, at 10) makes no mention of conduct or practices of 1199. This failure to plead a plausible claim against 1199 constitutes separate grounds for dismissal of the Complaint.

On the basis of the foregoing, Defendant 1199 requests that the Court schedule a pre-motion conference with respect to 1199's anticipated motion to dismiss.

Respectfully submitted,

Robert H. Stroup

RHS:dgd

cc: Mr. Vincent Crear (via UPS-overnight delivery
    and First-Class Mail with copies of unpublished opinions)
    Liliya Perelman, Esq. (via ECF)