UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
VINCENT MAURICE CREAR,                          :
                                                :
                      Plaintiff,                :
                                                :
              -v-                               :
                                                :
NYU LANGONE MEDICAL CENTER, et al.,             :
                                                :
                      Defendants.               :
-------------------------------------------------------------------X

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____               │
│ DATE FILED: __10/24/2017__           │
└─────────────────────────────────────┘
```

17-CV-4170 (VSB)

**<u>ORDER</u>**

VERNON S. BRODERICK, United States District Judge:

On June 2, 2017, Plaintiff submitted an application for appointment of counsel.  (Doc. 3.)

On July 12, 2017, I denied Plaintiff's application without prejudice.  (Doc. 11.)  On October 16,

2017, Plaintiff submitted another application for appointment of counsel.  (Doc. 25.)

In determining whether to grant an application for counsel, the Court must consider "the

merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a

lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the

issues if unassisted by counsel."  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir.

1989) (per curiam).  As a threshold matter, in order to qualify for appointment of counsel,

Plaintiff must demonstrate that his claim has substance or a likelihood of success.  *See Hodge v.

Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986).  In reviewing a request for appointment of

counsel, the Court must be cognizant of the fact that volunteer attorney time is a precious

commodity and, thus, should not grant appointment of counsel indiscriminately.  *Cooper*, 877

F.2d at 172.

A more fully developed record will be necessary before it can be determined whether

Plaintiff's chances of success warrant the appointment of counsel.  Accordingly, it is hereby

ORDERED that Plaintiff's application for the appointment of counsel is DENIED without prejudice to renewal at such time as the existence of a potentially meritorious claim may be demonstrated.

IT IS FURTHER ORDERED that, pursuant to Rule 4.A. of my Individual Rules and Practices, Plaintiff submit a response to Defendants' letter motions requesting a pre-motion conference on their proposed motions to dismiss, (Docs. 19, 22).  In light of Plaintiff's *pro se* status, Plaintiff is directed to submit his letter response no later than November 6, 2017.  The parties are directed to appear for a pre-motion conference on November 21, 2017 at 10:00 a.m. in Courtroom 518 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York.

The Clerk's Office is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff.

SO ORDERED.

Dated: October 24, 2017
      New York, New York

Vernon S. Broderick
United States District Judge